IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 02-cv-01459-WDM-MJW

CESAR R. PENA,

    Plaintiff,

v.

FRANCIS J. HARVEY, Secretary of the Army,

    Defendant.

## ORDER ON REQUEST FOR ORDER ON REMEDIES

Miller, J.

    This matter is before me on Plaintiff's Request for Order on Remedies and Relief (doc no 98). This is a veteran's preference case tried to the Court on April 28 and 29, 2005. In my Findings of Fact and Conclusions of Law, I determined that Defendant had violated the law by failing to grant a veteran's preference to Plaintiff in filling a secretary position. In addition, Defendant violated the law by failing to file written reasons with the Office of Personnel Management ("OPM") for passing over Plaintiff as a preference eligible pursuant to 5 U.S.C. § 3318. I ordered Defendant to file with the OPM written reasons for passing over Plaintiff in selection and to obtain from OPM a determination of whether the reasons so submitted are sufficient. Upon receipt of the OPM's determination, the parties were instructed to file a statements on how the case should proceed. I have reviewed the statements filed by the parties and find that oral argument is not required.

    By letter dated September 25, 2006, the OPM returned the Defendant's request to

pass over Plaintiff without action, stating that the case "is covered under the Department of Defense's delegated authority to make final decisions on objections based on qualifications that would result in the pass over of a preference eligible who does not have a service-connected disability rating of 30 percent or more." Plaintiff requests that I order, pursuant to 5 U.S.C. § 3330c(a), Defendant to retroactively place Plaintiff in the secretary position he sought in 2000, or an equivalent position, and award back pay and benefits, as well as attorney's fees. Defendant argues that the appropriate course is to request the designated Department of Defense office to make a final determination on Plaintiff's 2000 application for the secretary position, using the practices, procedures, and criteria in place at the time. Plaintiff objects to this course, arguing, without authority, that submission to the appropriate Department of Defense office would be futile and would deny Plaintiff's due process rights.

I conclude that Defendant's proposal is correct. The remedy for the violation of Plaintiff's statutory rights is for him to be afforded a selection process for the position consistent with the law; back pay and other remedies would be available in the event that he would have been selected but for the violation. *Dean v. Dep't of Agriculture*, 99 M.S.P.R. 533, 551 (MSPB 2005). Remand to the appropriate reviewing agency in order to determine whether Plaintiff was qualified for the position, whether he would have received the position but for the failure to provide a veteran's preference, and whether the reasons for passing him over in order to select an non-preference eligible candidate were sufficient is required before I may make a determination of Plaintiff's entitlement to further relief. It is uncontested that, with the agreement of the OPM, the Department of Defense

further delegated authority for these determinations to the Delegated Examinations Units (DEUs) located at the Army's Civilian Personnel Operations centers (CPOCs).

Accordingly, it is ordered:

1. Defendant shall, within 20 days of this order, submit its reasons for passing over Plaintiff in the 2000 selection to the Army's North Central CPOC DEU and obtain a determination whether the reasons so submitted are sufficient for passing over Plaintiff in accordance with the procedures set forth in Section 3318, according to the practices, procedures, and criteria in place at the time of Plaintiff's application.

2. Within 15 days of receipt, the parties shall file the findings of the DEU in this proceeding and again file statements with proposals concerning further relief or hearings, if necessary.

3. Given this order, Plaintiff's Request for Order on Remedies and Relief (doc no 98) is denied as moot.

DATED at Denver, Colorado, on May 8, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge