IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 02-cv-01459-WDM-MJW

CESAR R. PENA,

    Plaintiff,

v.

PETE GEREN, Secretary of the Army,

    Defendant.

## ORDER ON MOTION FOR RULING ON REMEDIES

Miller, J.

This matter is before me on Plaintiff's Motion for Ruling on Remedies (doc no 110) and Motion for Status Conference (doc no 111). This is a veteran's preference case tried to the Court on April 28 and 29, 2005. In my Findings of Fact and Conclusions of Law, I determined that Defendant had violated the law by failing to grant a veteran's preference to Plaintiff in filling a secretary position at the U.S. Embassy in Uruguay. In addition, Defendant violated the law by failing to file written reasons with the Office of Personnel Management ("OPM") for passing over Plaintiff as a preference eligible pursuant to 5 U.S.C. § 3318. I ordered Defendant to file with the OPM written reasons for passing over Plaintiff in selection and to obtain from OPM a determination of whether the reasons so submitted are sufficient. By letter dated September 25, 2006, the OPM returned the Defendant's request to pass over Plaintiff without action, stating that the case "is covered under the Department of Defense's delegated authority to make final decisions on

objections based on qualifications that would result in the pass-over of a preference eligible who does not have a service-connected disability rating of 30 percent or more." I thereafter ordered that Defendant submit its reasons for passing over Plaintiff to the appropriate entity, specifically the Army's North Central CPOC DEU (the "DEU"), and to obtain a determination whether the reasons so submitted are sufficient for passing over Plaintiff in accordance with the procedures set forth in Section 3318, according to the practices, procedures, and criteria in place at the time of Plaintiff's application.

A memorandum from Richard A. Paradis, the CPOC Operations Manager, North Central Area, issued on May 31, 2007. Supplemental Submission of DEU Findings (doc no 105). Mr. Paradis concluded that the reasons for passing over Plaintiff were justifiable. Mr. Paradis relied on the following in particular:

> [The Selecting official, Colonel Randall James] convened a panel of fellow officers to review each application and his decision was based on his own opinion and the feedback provided by the panel members. Mr. James spoke with [Plaintiff's] supervisor, and was told there were problems with [Plaintiff's] ability to deal with customers in a professional manner. Additionally, [Plaintiff] had demonstrated, via previous written and oral communication, that he did not possess the required skills of a successful secretary; i.e., composing routine correspondence, proofreading, determining correct punctuation, capitalization, spelling, grammar, etc.

*Id.*

I have received submissions from both parties regarding the appropriate next step in these proceedings given the DEU findings (doc nos 103 and 104). I conclude that Plaintiff has received the remedies to which he is entitled pursuant to 5 U.S.C. §§ 3330c and 3318. Section 3318 does not guarantee that a preference eligible candidate will be selected, but requires that the reasons for passing over such a candidate in favor of a non-

preference eligible candidate be reviewed. That process has been completed. Moreover, since the appropriate authority has determined that the reasons for the pass-over were justifiable, even if the veterans' preference were applied, I conclude that Plaintiff is not entitled to immediate appointment to the position he sought or to an equivalent position. In addition, he has suffered no damages from the Defendant's previous failure to comply with Section 3318(b)(1), since applying a veteran's preference and properly reviewing the reasons for the pass-over would not have resulted in his appointment to the secretary position. 5 U.S.C. § 3330c(a) (if the court determines that an agency has violated protected rights, it "shall order the agency to comply with such provisions and award compensation for any loss of wages or benefits suffered by the individual <u>by reason of the violation involved</u>.") (emphasis added).

Plaintiff challenges the DEU decision by asserting that he did not have an opportunity to submit materials to the DEU. However, section 3318 does not give all eligible applicants the right to respond to an agency's written reasons for passing over a candidate eligible for veteran's preference; rather, this right is granted only to an applicant "described in section 2108(3)(C) of this title who has a compensable service-connected disability of 30 percent or more." 5 U.S.C. § 3318(2). Any applicant not fitting this description is only entitled to receive the reasons submitted by the appointing authority in support of the proposed pass-over and the findings of the reviewing authority. 5 U.S.C. § 3318 (3). There is no allegation that Plaintiff has any service related disability of 30 percent or more and Plaintiff has not provided any other legal authority to show that he was entitled to submit a response to the agency's written reasons for the pass-over.

Plaintiff also objects to the findings on the grounds that the DEU did not recreate the

selection process because it did not have sufficient information about the other candidates. This was not what my order required, however. I ordered that the reviewing agency determine "whether the reasons so submitted are sufficient for passing over Plaintiff in accordance with the procedures set forth in Section 3318, according to the practices, procedures, and criteria in place at the time of Plaintiff's application." The memoradum submitted by Mr. Paradis complies with my order.

Plaintiff also disputes the assessment of his interpersonal skills and of his writing abilities and contends that he was clearly more qualified than the applicant selected. Plaintiff provides no legal authority demonstrating that I have the jurisdiction to review the decision of the DEU on the merits. Nonetheless, under the usual standard of review of a final agency action under the Administrative Procedures Act, 5 U.S.C. § 706(2)(A), a defendant's decision will not be overturned unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Wilderness Workshop v. U.S. Bureau of Land Mgmt.*, 531 F.3d 1220, 1224 (10th Cir. 2008). Writing samples on the record raise questions about Plaintiff's ability to compose correspondence complying with standards of grammar, spelling, and punctuation, an essential requirement of the position. In addition, Plaintiff's supervisor provided evidence that he had received numerous complaints about Plaintiff's conduct and that public relations was also an important aspect of the secretary position. In light of this evidence, the conclusion that Plaintiff lacked essential skills for the position cannot be characterized as arbitrary, capricious, or an abuse of discretion.

The only remaining issue is whether Plaintiff is a prevailing party for the purposes of granting an award of attorneys' fees. 5 U.S.C. § 3330c(b) ("A preference eligible who prevails in an action . . . shall be awarded reasonable attorney fees, expert witness fees,

4

and other litigation expenses). Plaintiff argues that he is the prevailing party and therefore fees are mandatory. Defendant contends that Plaintiff's victory is *de minimis* and, therefore, his award should be reduced or should receive no attorneys' fees at all.

To be a prevailing party, the plaintiff "must obtain at least some relief on the merits of his claim." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). Where a plaintiff seeks compensatory damages but recovers only nominal damages, the plaintiff is a prevailing party, but I have discretion to determine whether the "product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 114, 113 S.Ct. 566 (internal quotation marks omitted). The reasonable fee may be "no fee at all" where plaintiffs seek compensatory damages, but they recover only nominal damages. *Id.* at 115, 113 S.Ct. 566. The Tenth Circuit applies the following factors in determining whether a plaintiff's success is technical only: "(1) the difference between the amount recovered and the damages sought; (2) the significance of the legal issue on which the plaintiff claims to have prevailed; and (3) the accomplishment of some public goal other than occupying the time and energy of counsel, court, and client." *Lippoldt v. Cole*, 468 F.3d 1204, 1222 (10th Cir. 2006) (adopting factors from *Farrar*, 506 U.S. at 121-22 (O'Connor, J., concurring)).

Applying these factors, I conclude that some attorneys' fee award is merited. Although the first factor weighs against Plaintiff in that he received as a remedy the process that was due, not damages or other compensatory relief, the other factors weigh in his favor. The legal issue on which Plaintiff prevailed was significant. I concluded in my findings of fact and conclusions of law that Defendant had violated the law by failing to grant the veteran's preference to Plaintiff and violated Section 3318(b)(1), which provides

5

an important safeguard in ensuring that preference eligible applicants are not passed over without good reason. Although I determined that the violation was not willful, Plaintiff nonetheless required the assistance of an attorney to vindicate his rights. Finally, preserving the process of review when a preference eligible veteran is passed over for a position is an important public interest. Defendant argues that the circumstances of Plaintiff's application were unusual, involving a hiring action within an overseas embassy where the nature of the civil service appointment caused confusion as to the applicability of the veteran's preference. Although this may be true, the mandatory language of the attorneys' fees provision in section 3330c leads me to the conclusion that the importance of the public policy embodied in this provision outweighs the somewhat particularized facts of this case.

Accordingly, it is ordered:

1. Plaintiff's Motion for Ruling on Remedies (doc no 110) is granted in part and denied in part. Plaintiff's request for immediate retroactive appointment to the position of secretary at the U.S. Embassy in Uraguay with back pay and benefits is denied. Plaintiff's request for reasonable attorneys' fees and costs is granted. Plaintiff may submit on or before December 8, 2008 an affidavit, in compliance with the Federal Rules of Civil Procedure, this court's local rules, and my Trial and Pretrial Procedures setting forth the reasonable attorneys' fees and costs incurred in this action. Defendant may file

6

objections to the amounts claimed within ten days of the filing of the affidavit.

2. Plaintiff's Motion for Status Conference (doc no 111) is denied as moot.

DATED at Denver, Colorado, on November 18, 2008.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge