IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   02-cv-01459-WDM-MJW

CESAR R. PENA,

     Plaintiff,

v.

PETE GEREN, Secretary, U.S. Department of the Army,

     Defendant.

_____

ORDER

_____

This matter is before me on Plaintiff's Motion for Award of Attorneys' Fees and Costs which was ripe for decision on December 30, 2008.  The motion seeks attorneys' fees up to $63,736 and costs in the amount of $1,876, which includes $600 for an outside expert attorney.  The claim is based upon 205.60 hours billed at what Plaintiff's counsel reports to be his current hourly rate of $310.  The actual amount billed to the Plaintiff, however, was $52,578, which averages approximately $255 an hour for work performed over almost seven years.  The claim is supported by Plaintiff's expert, Rhonda Rhodes, who opines that the $310 per hour rate is within the range of Denver area attorneys with Plaintiff's counsel experience, noting that her firm's $300 per hour rate was approved by my colleague Judge Robert E. Blackburn.  Ms. Rhodes also opines that 200 hours for the work involved and the listed expenses are reasonable.

Defendant does not dispute that Plaintiff was a "prevailing party," entitling him to an award of fees and costs pursuant to 5 U.S.C. § 3330c(b).  Defendant also concedes

the claimed costs of $1,876.  Defendant accepts the reasonableness of Plaintiff's

counsel's last <u>billed</u> rate of $270 but contests the <u>claimed</u> $310 per hour rate.

Defendant challenges some of the billed hours and asserts that the award should in any

case be reduced to reflect only partial success.  Defendant seeks to reduce the

compensable hours to 115 and then reduce those by approximately 2/3 because of

partial success, yielding a total reasonable fee amount of $10,250 (115 hours x 33% x

$270 = $10,250.00).  Therefore, the issues distill down to what are the reasonable

hourly rates and hours for the service and whether the amount so determined should be

reduced to account for the lack of full success.

   In a fee shifting case such as this, the fee award should be determined by the

"Lodestar" approach of the number of reasonable hours expended multiplied by a

reasonable market rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The burden

of establishing the Lodestar is on the Plaintiff.  *Id.*  Neither party requests a hearing but

the parties' submittals are adequate for me to determine the matters without a hearing.

*See Robinson v. City of Edmond*, 160 F.3d 1275, 1286 (10th Cir. 1998).

   Addressing first the issue of reasonableness of hourly rate, Plaintiff's counsel

apparently billed the Plaintiff at the rate of $250 for the first four years of service which

was increased to a $270 rate in January 2006, and applied until November 2008 when

the rate became $310 per hour.  As confirmed by the average hourly rate of $255.73,

the vast majority of the billed work was at the $250 rate.  Indeed, only approximately 5%

of the hours were charged at $310 per hour.  Even so, as Plaintiff argues, using the

latest rate helps to compensate for extensive delay by adjusting for inflation and loss of

interest.  *See Missouri v. Jenkins*, 491 U.S. 274, 284 (1989); *Ramos v. Lamm*, 713 F.2d

546 (10th Cir. 1983).   $310 per hour rate constitutes an increase of $60 per hour for the vast majority of the work performed at $250 per hour for an increase of over 25% which would be an excessive adjustment for inflation or loss of interest.[1]  Plaintiff's counsel's increase of hourly rate from $250 per hour to $270 represented approximately a 7% increase.  A similar 7% increase from $270 would be almost $290 per hour. Considering Plaintiff's expert's opinion, Plaintiff's counsel's rate history, reasonable inflation, and loss contingency, together with my own familiarity with Denver rates, an hourly rate for Plaintiff's counsel between $280 and $300 per hour is reasonable.  I will use $290.00.

Turning to the reasonableness of the hours, the Defendant makes specific objections.  First, he claims that hours charged concerning an appeal to the Colorado Court of Appeals over denial of unemployment benefits are unrelated and should be excluded from the fee request.  *See Hensley*, 461 U.S. at 434.  Plaintiff acknowledges that 10.9 hours should be excluded but Defendants assert that an additional 6.9 hours should be excluded.  In his reply, Plaintiff agrees the hours should be increased by 3.6 but disputes the balance of Defendant's compilation.  These specific items in dispute appear to involve work for both this case and the Colorado Court of Appeals.  A downward adjustment of 14.5 hours is appropriate.

Defendant next claims some legal work was unnecessary, including work done to present Plaintiff's position to the Office of Personnel Management and the Designated

---

[1]I am uninformed whether Plaintiff has paid counsel in accordance with the billings. If counsel has been timely paid then only an interest adjustment for Plaintiff would seem appropriate.

Examining Unit.  In particular, Defendant objects because such submissions were not contemplated by the statute.  I disagree.  Whether or not these submissions were contemplated by the reviewing agency, making a presentation of an affected party's position known to the decision-makers is entirely consistent with zealous advocacy by an attorney.

Defendant also challenges hours billed on account of venue issues but I agree with Plaintiff that venue is waiveable and accordingly an attempt to present an issue in a more convenient forum can again be part of zealous advocacy.

Likewise, Defendant's criticism of more cryptic entries is rejected.  Based on years of experience it is not unusual to record time for a particular client with brief notations such as "note from client; update record" which should suffice to indicate the amount of time spent without a more detailed description.

On the other hand, I agree with Defendant's objection concerning billing at lawyer rates for what appears to be a significant amount of clerical work.  Faxing, mailing, file organization, copying, prepare exhibit books, etc. are the type of work performed by secretarial or paralegal staff at much lesser rates.  Plaintiff responds by arguing that there were paralegal expenses which are not included and that many of the items to which the Defendant refers were not merely clerical.  That response is inadequate as the entries clearly indicate charges for clerical matters.  Absent a great deal more evidence, however, I cannot efficiently or intelligently determine the amount of clerical work charged in the Plaintiff's submittals.  The absence of such detailed presentation is Plaintiff's failure of proof and the only reasonable adjustment available to me is to reduce the hourly rate by some factor.  Defendant suggests 20%.  I will use 10% so that

his $290/hour rate becomes $261.

Finally, Defendant argues that the allowable hours should be reduced by 66% because of Plaintiff's lack of success.  Plaintiff prevailed on only one of three challenges and the remedy granted was procedural as opposed to placement in the challenged position or some form of compensation.  Plaintiff responds with a claim of "an almost complete victory," asserting that he "vindicated an important public interest in insuring that preference-eligible veterans are not passed over without good reason," entitling him to seek full award of fees and costs in accordance with *Ramos v. Lamm*, 713 F.2d at 557.

The facts and circumstances of this case, together with my previous rulings, make this a difficult issue to resolve.  Plainly, Plaintiff sought ultimate relief of appointment to the desired position and some compensation of at least back pay.  Such claim was based upon his belief that he was qualified, he possessed an entitlement to appointment and that entitlement was denied him by the failure of the appointing officer to follow the established procedures.  As I concluded, Plaintiff was denied his veteran's preference and Defendant failed to follow established procedures for passing over Plaintiff's preference.  However, after conducting the ordered review it was ultimately determined that the Plaintiff, even with his preference, would not have received the desired appointment and, hence, no compensation.  Accordingly, even though there was vindication of a public interest, there was also a significant lack of success at the personal level.  Although the result may be analogous to a nominal damages case which may result in "low fees or no fees," *Farrar v. Hobby*, 516 U.S. 103, 115 (1992), an important procedural victory was achieved and a more reasonable adjustment would be

a 30% reduction.

In sum, I find the reasonable hourly rate for Plaintiff's counsel's services, adjusted for interest and inflation, to be $290.  The hours claimed (205.60) should be reduced to 190 hours on account of unrelated work.  The gross amount of $55,100 should then be reduced by 10% for clerical work and 30% for lack of success for an approximate reasonable fee of $35,000 ($290 x 190 hours x .9 x .7 = $34,713.00).

Accordingly, it is ordered:

1.  Plaintiff's Motion for Award of Attorneys' Fees and Costs (doc. no. 113) is granted in part and denied in part.

2.  Plaintiff is awarded attorneys' fees in the amount of $35,000 and costs in the amount of $1,876, or a total of $36,876, together with post-judgment interest.

3.  Plaintiff's Motion for Ruling on Fees and Costs (doc. no. 117) and Plaintiff's Unopposed Motion for Review by Chief Judge (doc. no. 118) are denied as moot.

DATED at Denver, Colorado, on June 10, 2009.

BY THE COURT:


s/ Walker D. Miller
United States District Judge